[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Washington, D.C. on May 7, 1972. The plaintiff has resided continuously in this state since 1974. There is one minor child, Stephanie, born December 16, 1977. The evidence presented indicates that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 48, a college graduate, has worked on on a regular basis during the marriage, as well as being a homemaker. She appears to be an intelligent woman who is capable of supporting herself.
The defendant, age 47, holds a M.B.A. degree from Harvard Business School. He is currently employed and earns a substantial income.
The marriage of the parties began to unglue when financial pressures started to occur due to the erratic employment history of the defendant. Also, differences in personality, value systems and sensitivities led to the breakdown of the parties' relationship. Each must bear some responsibility for this result.
The court has carefully considered the criteria set forth in Connecticut General Statutes, 46b-56, 46b-62, 46b-81,46b-82 and 46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. The legal custody of the minor child, Stephanie, is granted jointly to the parties with physical custody and residence to be with the plaintiff. The plaintiff shall make the day to day decisions involving the welfare of the child. However, major decisions involving the health and education of the child shall be shared by the parties. If they cannot agree, it is suggested that they employ the services of a mental health professional to assist them.
2. The defendant shall have reasonable and liberal rights of visitation with his daughter. These rights shall include the following:
a. The defendant shall have the right to have the child visit with him from Friday evening to Sunday evening or alternating weekends; and, in addition,
b. The defendant shall have the right to have the child visit with him during the spring school recess and Christmas school recess in even numbered years and the winter school CT Page 3404 recess in odd numbered years; and, in addition,
c. The defendant shall have the right to have the child visit with him for two (2) consecutive weeks during the summer school vacation period of each year; and, in addition,
d. The defendant shall have the right to have the child visit with him on Christmas Eve and Christmas Day of each year but the child shall be with the plaintiff on Rosh Hashanah and Yom Kippur of each year; and, in addition,
e. The defendant shall have the right to have the child visit with him on Father's Day of each year; and, in addition,
f. The defendant shall have the right to have the child visit with him on Thanksgiving Day and the day of the child's birthday on an alternating basis so that the child shall be with one parent on Thanksgiving Day and with the other parent on her birthday in each year.
The defendant shall give the plaintiff reasonable notice of the exercise of his visitation rights under subparagraph 2(c), and the parties shall make every effort to coordinate such visitation so that it does not interfere with the child's other summer activities.
The defendant shall pay the cost of all transportation and incidental expenses incurred in connection with the exercise of his visitation rights.
3. Commencing December 1, 1990, the defendant shall pay to the plaintiff, and on the first day of each month thereafter in advance, the sum of One Thousand Two Hundred Fifty ($1,250.00) Dollars per month as support for the minor child until the child dies, becomes emancipated or reaches the age of majority, whichever event shall first occur. A contingent wage withholding order may enter.
4. The defendant shall maintain One Hundred Thousand ($100,000.00) Dollars in life insurance and name the minor child as sole beneficiary thereof for so long as the defendant shall be responsible for payment of child support.
5. The plaintiff shall continue to maintain her presently existing medical, dental and vision insurance for the benefit of the minor child. All unreimbursed, uninsured reasonable medical, dental and vision expenses including but not limited to orthodontic, optical, pharmaceutical, psychological and psychiatric expenses incurred on behalf of the minor child shall be shared equally by the parties. Connecticut General Statutes CT Page 3405 46b-84c shall apply, if ever applicable.
6. The parties shall share equally the cost of the Bar Mitzvah for the minor child. The defendant's obligation shall not exceed Three Thousand ($3,000.00) Dollars, unless he consents to contributing a greater amount.
7. The plaintiff shall be entitled to the tax exemption for the minor child.
8. The account on the plaintiff's financial affidavit entitled "Sally E. Randall as Custodian for Stephanie E. Randall UGMA/NY Merrill Lynch Account" shall be held by the plaintiff for the college education of Stephanie. The fund may not be invaded for any other purpose unless consented to in writing by both the plaintiff and the defendant. The court reserves jurisdiction to resolve any disputes concerning the use of this account for any purpose other than the college education of the minor child, including the disbursement thereof in the event the child dies or it is determined that the child will not attend college.
9. Neither party has requested periodic alimony. The court is satisfied that it is appropriate not to order either party to pay periodic alimony to the other.
10. The plaintiff shall have sole and exclusive possession of the 94 Club Road, Stamford property until she dies, remarries or July 1, 1995, whichever event shall first occur. The premises shall then be sold. After payment of the then outstanding principal balances of the three mortgages currently on the premises and usual costs incurred in the sale of real estate, the net proceeds shall be distributed as follows: sixty (60%) percent to the plaintiff; forty (40%) percent to the defendant. If the parties are unable to agree on any of the aspects of placing the house on the market, the court reserves jurisdiction to supervise this sale. Until the property is sold, the plaintiff shall be responsible for the payment of the three mortgages on the property, (except that the plaintiff shall not be required to pay any of the $17,500.00 principal balance of the home equity loan (third mortgage) which shall be the equal responsibility of both parties, and neither party shall borrow further on this equity credit line), real property taxes, insurance and maintenance charges. However, repairs costing more than One Hundred Fifty ($150.00) Dollars, after agreement by the parties, shall be shared by each party in proportion to his or her interest in the property.
The plaintiff shall have the option to pay off the home equity loan which is secured by the third mortgage; and in the CT Page 3406 event that the plaintiff does so, then upon the sale of the property, the plaintiff shall be entitled to reimbursement of the sum of Eight Thousand Seven Hundred Fifty ($8,750.00) Dollars from the defendant's forty (40%) percent share of the net proceeds of sale.
11. The furniture, furnishings and other personal property located at the marital residence shall be the sole and exclusive property of the plaintiff.
12. Each party shall retain the assets shown on her or his financial affidavit that have not been disposed of by specific provisions of this judgment except for the property held by the plaintiff as custodian for the minor child which shall continue to be held as before.
13. Except as otherwise provided by this judgment, each of the parties shall be liable for and shall indemnify and hold the other harmless from any and all liabilities shown on her and his financial affidavit.
14. Each party shall be responsible for the payment of his and her own attorney's fees.
Judgment my enter accordingly.
NOVACK, J.